**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**GEICO MARINE INSURANCE COMPANY**,

    Plaintiff/Counter-Defendant,

v.                                    **Case No:** 6:19-cv-159-Orl-31TBS

**HENRY BARON**,

    Defendant/Counter-Plaintiff.

_____/

## **COUNTERCLAIM AGAINST GEICO MARINE INSURANCE COMPANY**

**COMES NOW**, Counter-Plaintiff, HENRY BARON, by and through the undersigned counsel and files his Complaint for damages against Counter-Defendant, GEICO MARINE INSURANCE COMPANY, (hereinafter, "GEICO"), and in support thereof states that:

## **JURISDICTION AND VENUE**

1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2. Jurisdiction and venue are proper in this Court in that Counter-Defendant, GEICO, on January 24, 2019 filed an original suit in this Court against HANK BARON under 28 U.S.C. § 2201, and invoked the Court's maritime jurisdiction pursuant to 28 U.S.C. § 1333, arising out of severe injuries sustained by Counter-Plaintiff, HENRY BARON, while he was in "navigable waters".

3. The Counter-Plaintiff and Counter-Defendant entered a contract of marine insurance within the State of Florida for the policy period of March 1, 2018 through March 1, 2019.

## **THE PARTIES**

4. Counter-Plaintiff, HANK BARON, at all material times, was and is a resident of Palm Bay, Florida, and is in all respects *sui juris*.

5. At all material times, Defendant, GEICO, was and is an insurance company authorized to transact insurance business in the State of Florida.

## STATEMENT OF FACTS

6. On or about March 1, 2018, Plaintiff, HENRY BARON, entered into a contract of insurance for his marine vessel, a 2018 32-foot Sea-Vee Cruiser bearing a Vessel Identification Number of SXJ02077K718 (hereinafter referred to as 'the vessel'), with Defendant, GEICO (Policy Number BUS5794215).

7. On or about July 20, 2017, Plaintiff transported his vessel to the waters near West End, Grand Bahamas Island.

8. Aboard the stated vessel were the insured-Counter-Plaintiff and four family members.

9. Counter-Plaintiff HENRY BARON was in the water near his vessel when he was struck by another vessel.

10. At that time HENRY BARON suffered grievous bodily injury.

11. The injuries suffered by HENRY BARON were directly and proximately caused by the negligence of the owner/operator of the offending vessel.

12. On information and belief, the operator/owner of the offending vessel was uninsured.

13. The policy issued through Counter-Defendant, GEICO, to HENRY BARON, contained an uninsured boater provision providing benefits in the amount of $300,000.00.

14. Counter-Plaintiff timely filed a claim for benefits with Counter-Defendant, GEICO.

15. Counter-Defendant, GEICO, denied Counter-Plaintiff's claim by sending him a letter through the U.S. Postal Service (see letter of denial attached hereto as 'Exhibit A').

**COUNT I: BREACH OF CONTRACT FOR UNINSURED BOATER BENEFITS**

16. Plaintiff restates and realleges paragraphs one (1) through fifteen (15) as if specifically set forth herein and Plaintiff further states:

17. On or before March 1, 2018, Counter-Plaintiff, HENRY BARON entered into a Contract of marine insurance with Defendant, GEICO, (See insurance contract, attached hereto as Exhibit 'B').

18. Pursuant to the contract for insurance with GEICO, Counter-Defendant was obligated to pay for the damages and losses of Counter-Plaintiff, HENRY BARON, as a result of being struck by an uninsured vessel.

19. Defendant, GEICO, was provided timely documentation of the extensive damages for the casualty in the above described incident.

20. Plaintiff, HENRY BARON, furnished Defendant, GEICO, with proper notice of his damages and HENRY BARON otherwise performed all conditions precedent to entitle him to recover under the provisions in the subject contract for insurance, but Counter-Defendant refused to pay for HENRY BARON's losses.

21. Defendant's willful and unreasonable delay in paying for the covered loss also caused Plaintiff to incur additional losses and harms, some of which are economic and some of which are non-economic.

22. As a result of Counter-Defendant's, GEICO, breach of the terms of the subject contract for insurance, HENRY BARON suffered damages including that nothing has been paid

by GEICO, despite demand therefor—and this includes specifically non-payment of Medical Payments and Uninsured Boater's benefits.

23. Because of Defendant's refusal to pay Plaintiff, it has become necessary that Plaintiff retain the services of the undersigned attorney. Plaintiff is obligated to pay his attorney reasonable attorney's fees and costs for the attorney's services in bringing this action.

24. Pursuant to Fla. Stat. §627.428, Plaintiff is entitled to recover his reasonable attorney's fees and costs in bringing this action for breach of the contract for insurance.

**WHEREFORE**, after careful consideration, Counter-Plaintiff, HENRY BARON, prays that this Honorable Court order:

A. Defendant, GEICO, pay Counter-Plaintiff, HENRY BARON, the full amount due and owing for the full value of his damages, plus interest, costs and attorney's fees pursuant to Florida Statutes §627.428, Florida Statutes §92.231 and Florida Statute §57.041;

B. Defendant, GEICO, pay Counter-Plaintiff, HENRY BARON, the full amount due and owing for all incidental and consequential damages arising from the time of denial of coverage until the present time;

C. Any other relief this Honorable Court deems fair and equitable.

## COUNT II: CLAIM FOR UNINSURED BOATER BENEFITS

25. Plaintiff re-alleges and re-affirms Paragraphs 1 through 15 (fifteen) above as if fully set forth herein.

26. At all times material hereto, the operator of the offending vessel did not carry adequate vessel insurance coverage for liability—and on information and belief—the vessel was not insured at all.

27. At all times material hereto, Counter-Plaintiff, HANK BARON, contracted with Counter-Defendant, GEICO MARINE INSURANCE COMPANY, for liability insurance which included coverage for underinsured/uninsured vessel coverage. Defendant possesses a copy of said policy, and is well aware of its contents. A copy of the declaration page and insurance policy provided by GEICO is attached hereto as Counter-Plaintiff's Exhibit "B", and incorporated by reference herein.

28. At all times material hereto, the aforementioned underinsured/uninsured vessel coverage provided coverage for Counter-Plaintiff, HENRY BARON, for bodily injuries and losses.

29. Counter-Plaintiff, HENRY BARON, has complied with all conditions precedent to the filing of this action—including timely providing notice of said claim to GEICO.

30. Plaintiff, HENRY BARON'S injuries and losses **greatly** exceed the limits of any vessel liability insurance coverage which the negligent vessel owner/operator had available.

31. Plaintiff, HENRY BARON, qualifies as an "Insured" under the liability insurance which included coverage for underinsured/uninsured vessel coverage contracted for by Plaintiff, HENRY BARON, with Defendant, GEICO MARINE INSURANCE COMPANY, and is entitled to benefits under this coverage because his injuries and losses exceed the limits of any vessel liability insurance coverage which the negligent vessel owner/operator had available.

32. As a direct and proximate result of said negligence, Counter-Plaintiff, HENRY BARON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and

5

aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Counter-Plaintiff, HENRY BARON, demands judgment against Counter-Defendant, GEICO MARINE INSURANCE COMPANY for the full amount of his afore-stated damages, exclusive of interest and costs, and demands a trial by jury.

## **COUNT III: FRAUDULENT INDUCEMENT**

33. Plaintiff restates and re-alleges paragraphs one (1) through fifteen (15) as if specifically set forth herein and Counter-Plaintiff, HENRY BARON, further states:

34. Counter-Plaintiff, HENRY BARON, sought for purchase from Counter-Defendant a valid policy of marine insurance which would provide for Agreed Value Coverage of the boat, motor and boat equipment, Liability Coverage, Medical Payments Coverage, and Uninsured Boater Coverage in the event of a casualty to him or his family.

35. Counter-Plaintiff, HENRY BARON, completed GEICO's insurance application form on-line.

36. Counter-Plaintiff, HENRY BARON, specifically checked the box in the application which would provide for Uninsured Boater coverage on GEICO's insurance application form on-line.

37. After completing the on-line application of GEICO, HENRY BARON directly contacted GEICO about the application for insurance and apprised the GEICO representative that he wanted coverage for uninsured boater like what he had for his vehicles.

38. After completing the on-line application of GEICO, HENRY BARON directly contacted GEICO about the application for insurance and apprised the GEICO representative that

he wanted coverage for uninsured boater to cover himself and his family for all events against an uninsured boater for when the family was snorkeling, diving, water skiing, and riding in his vessel.

39. At no time did the GEICO representative advise HENRY BARON that activities such as snorkeling, diving, water-skiing, would not be covered by GEICO under the Uninsured Boater coverage being sold by GEICO.

40. At no time did the GEICO representative advise HENRY BARON that the Uninsured Boater coverage being sold by GEICO would ***only*** *apply if all three of the following existed:* 1. another vessel struck HENRY BARON's vessel *and* 2. HENRY BARON was in the vessel *and* 3. the other vessel was *un*-insured.

41. GEICO's application did not apprise HENRY BARON that he would be able to collect uninsured benefits ***only*** if: 1. another vessel struck HENRY BARON's vessel *and* 2. HENRY BARON was in the vessel *and* 3. the other vessel was *un*-insured.

42. GEICO's on-line application indicated that such "Uninsured Boater's" coverage ***would*** cover in instances of "Uninsured Boaters" and in instances of "hit-and-run" boaters.

43. Based upon the representations of GEICO's on-line application form, and the representations made by GEICO when the Plaintiff specifically conferred and asked for Uninsured Boater's coverage to include all events against an uninsured boater for when the family was snorkeling, diving, water skiing, and riding in his vessel, HENRY BARON purchased the insurance with GEICO.

44. In misrepresenting the facts above--of when the "Uninsured Boater's" coverage would apply--the Counter-Defendant misrepresented a material fact.

45. GEICO knew or should have known that their statements and representations were false as to what and when "Uninsured Boater's" coverage would apply.

46. GEICO's intended its statements and representations as to what and when "Uninsured Boater's" coverage applied would induce—and *did* induce HENRY BARON—to purchase boater's insurance with GEICO.

47. The Counter-Plaintiff's reliance upon the representations and statements of GEICO were justifiable, but have now caused harm and losses to HENRY BARON in that GEICO seeks to avoid coverage for Uninsured Boater's coverage inconsistent to the representations GEICO previously made to him.

48. The medical bills sustained by HENRY BARON and the complete loss of his arm when being struck by the other vessel has caused significant damages—which GEICO refuses to pay.

49. As a direct and proximate result of GEICO's fraudulent inducement GEICO now refuses to pay for the suffered bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition--which losses are either permanent or continuing that Counter-Plaintiff will suffer in the future.

50. The Counter-Plaintiff has been forced to retain the undersigned counsel's services in this matter against the insurer, and owes attorney's fees and costs thereto, and as a result seeks an award of attorney's fees pursuant to Florida Statute Ch. 627.428.

**WHEREFORE**, Counter-Plaintiff, HENRY BARON, demands judgment against Counter-Defendant, GEICO MARINE INSURANCE COMPANY for the full amount of his

damages stated above, including coverage for all damages suffered by him as a result of the occurrence described, plus interest, attorney's fees and costs, and he demands a trial by jury.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by E-mail transmission through the CME/ECF system on this 15th day of April, 2019, to Ted L. Shinkle, Esquire and Leslie-Anne Marks, Esquire, GRAY ROBINSON, P.A., 1795 West NASA Blvd., Melbourne, Florida 32901, @ ted.shinkle@gray-robinson.com, Lesley-anne.marks@gray-robinson.com, and jodi.aliano@gray-robinson.com.

*//s// Frank D. Butler, Esquire*
Frank D. Butler, Esquire
FBN: 940585
Kelly Ann L. May, Esquire
FBN: 59286
Frank D. Butler, P.A.
10550 U.S. Hwy. 19 North
Pinellas Park, FL  33782
Tel: (727)399-2222
Fax: (727)399-2202
fdblawfirm@aol.com
kmay@fightingforfamilies.com
pmartin@fightingforfamilies.com
Counsel for Plaintiff