## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

IN ADMIRALTY

CASE NO.: 6:19-cv-159-ORL-31-TBS

GEICO MARINE INSURANCE COMPANY,

        Plaintiff,

vs.

HENRY BARON,

        Defendant.

_____/

### PLAINTIFF'S MOTION TO STRIKE DEMAND FOR JURY TRIAL

Plaintiff, GEICO MARINE INSURANCE COMPANY (hereinafter referred to as "GEICO Marine" or "Plaintiff"), through undersigned counsel, hereby moves this Court to strike Defendant's demand for trial by jury for two reasons. First, Plaintiff's designation of the claim as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure trumps Defendant's right to trial by jury in accordance with binding Eleventh Circuit precedent. *See St. Paul Marine Insurance Company v. Lago Canyon, Inc.*, 561 F. 3d 1181, 1188 (11th Cir. 2009). Second, there is no jurisdictional basis alleged that would entitle the Defendant to a jury trial even in the absence of Plaintiff's Rule 9(h) designation..

### I.    Grounds Supporting this Motion

1.    GEICO Marine instituted this action seeking a declaration that a policy of insurance the company issued to Baron does not provide coverage under the Uninsured Boater or Medical Payment sections of the policy. (DE 1, ¶ 4).

2. In the Complaint, GEICO Marine designated its claim as "an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure." (DE 1, ¶ 13).

3. In his Answer and Affirmative Defenses, Defendant, HENRY BARON (hereinafter referred to as "Baron" or "Defendant"), admits that "this case arises under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333." (DE 17, ¶ 11).

4. Baron further acknowledges that the insurance policy is a maritime contract "subject to the Court's admiralty jurisdiction." (DE 17, ¶ 12).

5. Furthermore, the only basis for federal jurisdiction alleged by Baron in his Counterclaim is the maritime nature of the claims which he alleges arise "out of severe injuries sustained by Counter-Plaintiff, HENRY BARON, while he was in 'navigable waters.'" (Doc. 18, ¶ 2).

6. No other basis for federal jurisdiction is alleged by either party and in admiralty cases, there is generally no right to a jury trial.

7. Because the only basis for this Court's jurisdiction is the maritime nature of the claims, there is no jurisdictional basis that would entitle Defendant to a jury trial.

8. Furthermore, Rule 9(h), Fed. R. Civ. P. specifically provides that a "claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim . . . whether or not so designated." Rule 9(h), Fed. R. Civ. P.

## II.  Argument

Historically, there is no right to trial by jury in admiralty cases. *See Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996).  And when a plaintiff invokes the court's admiralty jurisdiction pursuant to Rule 9(h) a plaintiff not only selects the

district court's admiralty jurisdiction, but also subjects the entire action to a bench trial, including counterclaims asserted by a defendant. *See St. Paul Marine Insurance Company v. Lago Canyon, Inc.*, 561 F. 3d 1181, 1188 (11th Cir. 2009); *Great Lakes Reinsurance (UK) PLC v. Soriano*, Case No. 14-24717-Civ-Lenard/Goodman, 2015 WL 12778783, *1-2 (S.D. Fla. Jun. 24, 2015) (holding that by invoking Rule 9(h), plaintiff not only selects a district court's admiralty jurisdiction, but subjects the entire action to a bench trial, including counterclaims asserted by a defendant); *Great Lakes Reinsurance (UK) PLC v. Kan-Do, Inc.* Case No. 8:12-CV-2923-T-33 TGW, 2013 WL 2249291, *2 (M.D. Fla. May 22, 2013) (striking the defendant's jury demand on its counterclaim in accordance with the binding precedent of *Harrison* and *Lago Canyon); Cgi Finance, Inc. v. C&V Sport Fishing, LLC,* Case No. 12-60857-Civ-Marra, 2013 WL 18245622, *2 (S. Fla. Oct. 17, 2012) (holding that consistent with Eleventh Circuit precedent, a plaintiff/counter-defendant may preclude a defendant/counter-plaintiff from invoking the right to a jury trial by electing to proceed under Rule 9(h)); *Great Lakes Reinsurance (UK) PLC v. Masters*, Case No. 8:07-CV-1662-T-24-MSS, 2008 WL 619342, *2 (M.D. Fla. Mar. 3, 2008) (applying *Harrison* to support conclusion the defendant is not entitled to a jury trial on his counterclaim).

In *Romero v. Bethlehem Steel Corp.*, 515 F. 2d 1249, 1253 (5th Cir. 1975), the Fifth Circuit Court of Appeals explained that "the unification of the admiralty and civil rules in 1966 was intended to work no change in the general rule that admiralty claims are to be tried without a jury."[1] This is expressly recognized in Rule 38(e) which provides that "[t]hese rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9(h)." Fed.R.Civ. P. 38(e). The Court in *Romero* further recognized that Fed.R.Civ. P. 9(h) is a device by which the pleader may claim the "special benefits of admiralty procedures and remedies, including a non-jury trial, when the pleadings show that both admiralty and some other basis of federal jurisdiction exist." *Id.* Three years after the decision in *Romero*, the Fifth Circuit upheld the district court's denial of trial by jury to a defendant/fourth-party defendant where the injured plaintiff had designated his claim as an admiralty claim under Rule 9(h). *Harrison v. Flota Mercante Grancolombiana, S.A.,* 577 F. 2d 968, 987 (5th Cir. 1978). In reaching this conclusion, the Court of Appeals specifically refused "to permit a third-party defendant to emasculate the election given to the plaintiff by Rule 9(h) by exercising the simple expedient of bringing in a fourth-party defendant." *Id.* Then, in *Lago Canyon,* the Eleventh Circuit Court of Appeals applied the same reasoning to preclude a trial by jury on a counterclaim where the plaintiff had designated its claim as an admiralty and maritime claim within the meaning of Rule 9(h). Thus, even where there is a jurisdictional basis for a jury trial, a plaintiff may defeat that right by designating the claims as an admiralty claim under Rule 9(h).

In *Lago Canyon*, the defendant's yacht partially sank at a dock while undergoing engine repairs. The plaintiff insurer filed a complaint for declaratory judgment seeking a determination that its marine insurance policy did not cover the damage. *Lago Canyon* at 1183. The insurer's complaint invoked rule 9(h) "which allows plaintiffs to elect admiralty jurisdiction over some other ground of federal jurisdiction." *Id* at 1184. The vessel owner counterclaimed for breach of the insurance contract, alleging diversity of citizenship jurisdiction and demanding trial by jury. *Id.* at 1184-85. The plaintiff insurance company moved to strike the demand for jury trial and the district court granted that motion on the basis of the precedent set by the *Harrison* decision. *Id.* at 1185 On appeal, the Eleventh Circuit affirmed the district court's order striking the counter-

4

plaintiff's demand for jury trial, concluding that it was bound by *Harrison* and that plaintiff's designation of the claim as an admiralty claim within the meaning of Rule 9(h) precluded a jury trial on the counterclaim. *Id* at 1188 - 89. That the case was originally brought by the insurer for declaratory judgment was not material to the Court's decision.

> "*Harrison* in no way depended on the fact that the plaintiff filed a complaint for damages instead of a declaratory judgment against a defendant. Rather, *Harrison* addressed what happens when both admiralty and some other ground of federal jurisdiction exist in the same case and the plaintiff invokes admiralty jurisdiction under Rule 9(h)."

*Id.* at 1188. The Eleventh Circuit further explained that "by electing to proceed under Rule 9(h), rather than by invoking diversity jurisdiction, a plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist." *Lago Canyon, Inc.*, 561 F. 3d at 1188. This is precisely what the Plaintiff did in the instant case by filing its complaint for declaratory judgment and expressly designating the claim as a maritime claim within the meaning of Rule 9(h). (DE 1, ¶¶ 11-14). A primary difference here is that Baron has not alleged an alternative basis for federal jurisdiction that would even arguably provide grounds for a jury trial. For both of these reasons, Baron is not entitled to trial by jury.

### III. CONCLUSION

Baron has not alleged any jurisdictional basis which would entitle him to a trial by jury. Indeed, the only basis alleged for this Court's jurisdiction is the maritime nature of the underlying claims. But as the Plaintiff has designated this case as an admiralty and maritime case within the meaning of Rule 9(h), and there is no other basis for federal jurisdiction, Defendant is not entitled to a jury trial. Baron's demand for trial by jury should, therefore, be stricken.

Respectfully submitted,

**GRAYROBINSON, P.A.**
Counsel for Plaintiff

/s/ *Ted L. Shinkle*
TED L. SHINKLE, ESQ.
Florida Bar No. 0608051
LESLEY-ANNE MARKS, ESQ.
Florida Bar No. 107009
1795 West NASA Blvd.
Melbourne, Florida 32901
Telephone:  (321) 727-8100
Facsimile:  (321) 984-4122
Email:   ted.shinkle@gray-robinson.com
Secondary Email:
   lesley-anne.marks@gray-robinson.com
   jodi.aliano@gray-robinson.com

## Rule 3.01(g) Certificate

Undersigned counsel has conferred with Defendant's counsel in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

/s/ *Ted L. Shinkle*
TED L. SHINKLE, ESQ.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via Email transmission through the CME/ECF system on this 6th day of May, 2019 to Frank D. Butler, Esq., Frank D. Butler, PA, 10550 U.S. Highway 19 North, Pinellas Park, Florida at fdblawfirm@aol.com; kmay@fightingforfamilies.com; and pmartin@fightingforfamilies.com, attorney for Defendant.

**GRAYROBINSON, P.A.**
Counsel for Plaintiff

/s/ *Ted L. Shinkle*
TED L. SHINKLE, ESQ.