UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEICO MARINE INSURANCE
COMPANY,

    Plaintiff,

v.                                               Case No: 6:19-cv-159-Orl-31TBS

HENRY BARON,

    Defendant.

## ORDER

Before the Court is Plaintiff's Motion to Strike Demand for Jury Trial (Doc. 20). No response has been filed by Plaintiff and the time in which to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Company, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of America, N.A., 564 F. App'x 432, 434 (11th Cir. 2014) (citing Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed). The Court treats the motion as unopposed.

The motion is also due to be granted on the merits. Following an accident at sea, Plaintiff brought this lawsuit for a declaration that a policy of maritime insurance it issued to Defendant does not provide coverage under the Uninsured Boater or Medical Payment sections of the policy (Doc. 1, ¶ 4). Plaintiff expressly designated this case as an admiralty and maritime claim within the meaning of FED. R. CIV. P. 9(h) (Id., ¶ 13). Defendant filed an answer and affirmative defenses and an amended answer and

affirmative defenses, both of which demand a trial by jury "on all issues so triable as a matter of right" (Docs. 17, 22). Defendant also filed a counterclaim alleging as the basis of the Court's jurisdiction:

> 1. This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.
>
> 2. Jurisdiction and venue are proper in this Court in that Counter-Defendant, GEICO, on January 24, 2019 filed an original suit in this Court against HANK BARON under 28 U.S.C. § 2201, and invoked the Court's maritime jurisdiction pursuant to 28 U.S.C. § 1333, arising out of severe injuries sustained by Counter-Plaintiff, HENRY BARON, while he was in "navigable waters".
>
> 3. The Counter-Plaintiff and Counter-Defendant entered a contract of marine insurance within the State of Florida for the policy period of March 1, 2018 through March 1, 2019.

(Doc. 18). The counterclaim demands trial by jury (Id., at 6, 9).

The core question presented in the claim and counterclaim is the same–whether there is coverage under a maritime policy for an incident that happened in navigable waters. Under these circumstances, there is no right to a jury trial on any of the claims. See St. Paul Marine Insurance Company v. Lago Canyon, Inc., 561 F. 3d 1181, 1188 (11th Cir. 2009) ("by electing to proceed under Rule 9(h), rather than by invoking diversity jurisdiction, a plaintiff may preclude the defendant from invoking the right to trial by jury which may otherwise exist," quoting Harrison v. Flota Mercante Grancolombiana, S.A., 577 F. 2d 968, 986 (5th Cir. 1978)). Now, Plaintiff's motion is **GRANTED** and Defendant's prayer for trial by jury is **STRICKEN** from all his pleadings.

**DONE** and **ORDERED** in Orlando, Florida on May 21, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record