**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GEICO MARINE INSURANCE COMPANY,**

        **Plaintiff,**

**v.**                                                                    Case No:   6:19-cv-159-Orl-31EJK

**HENRY BARON,**

        **Defendant.**

## ORDER

This Matter comes before the Court on the Plaintiff's Motion for Judgment on the Pleadings (Doc. 24) and the Defendant's Response (Doc. 32).

**I.**    **Background**

This case arises out of tragic incident that resulted in the loss of the Defendant's arm. The Defendant's boat, which was insured by GEICO, was anchored nearby while the Defendant was snorkeling. The Defendant was struck by a boat, which was operated by a boater who did not have insurance. The Defendant had previously purchased uninsured boater insurance from GEICO. However, GEICO maintains that the Defendant is not entitled to coverage for this incident, because the Policy defines an uninsured boater as a boater without insurance, or a hit-and-run boater, who collides with another boat. Doc. 24-1 at 4. GEICO seeks a declaratory judgment determining that the Defendant's injuries are not covered under the Policy. Doc. 1. The Defendant filed a Counterclaim (Doc. 18), alleging Breach of Contract for Uninsured Boater Benefits (Count I); Claim for Uninsured Boater Benefits (Count II); and Fraudulent Inducement (Count III).

## II. Legal Standard

Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002) (internal quotations omitted). Thus, the standard of review for a motion for judgment on the pleadings is almost identical to that used to decide motions to dismiss. *Doe v. Board of County Comm'rs, Palm Beach County, Fla.*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992). Thus, when considering a motion for judgment on the pleadings, the Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the non-movant. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).

## III. Analysis

The Motion for Judgment on the Pleadings and Counts I and II of the Counterclaim hinge on the interpretation of the insurance contract between the parties. Under Florida law, the application and policy together make up the insurance contract. *Roberson v. USAA Cas. Ins. Co.*, No. 5:15-cv-454, 2016 WL 5864431, at *2 (M.D. Fla. Sept. 22, 2016), *report and recommendation adopted*, No. 5:15-cv-454, 2016 WL 5846763 (M.D. Fla. Oct. 6, 2016) (citing *Matthews v. Ranger Insurance Company*, 281 So.2d 345 (1973). GEICO argues that the Policy clearly states that only a boater whose boat collides with another boat can be considered an uninsured boater for coverage purposes. The Defendant stops short of arguing for a different interpretation of that Policy language. Instead, the Defendant argues that the online application and a subsequent phone call he made to GEICO led him to believe that he would be covered under the uninsured boater provision regardless of whether there was a collision with another boat. He states that GEICO should have included more information in the online application. However, he never argues that the online application actually

*conflicted* with the policy language,[1] nor does he explain why he considers the contract language to be ambiguous, outside of bare assertions. GEICO is entitled to judgment on the pleadings with respect to its Complaint for Declaratory Judgment and Counts I and II of the Defendant's Counterclaim.

GEICO also argues that Count III of the Defendant's Counterclaim should be dismissed for failure to state a claim for fraudulent inducement. Under Florida law, "fraud in the inducement" occurs when one party's ability to negotiate and make informed decisions as to the contract is undermined by the other party's pre-contractual fraudulent behavior. *Bradley Factor, Inc. v. United States*, 86 F. Supp. 2d 1140, 1145 (M.D. Fla. 2000). The elements of a claim for fraud in the inducement in Florida are: (1) that the defendant misrepresented a material fact; (2) that the defendant knew or should have known that the statement was false; (3) that the defendant intended that the representation would induce the plaintiff to enter into a contract or business relation; and (4) that the plaintiff was injured by acting in justifiable reliance on the misrepresentation. *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1425 (S.D. Fla. 1996) (citing *Johnson v. Davis*, 480 So. 2d 625, 627 (Fla. 1985); *see also PVC Windoors, Inc. v. Babbitbay Beach Const.*, *N.V.*, 598 F.3d 802, 809 (11th Cir. 2010). The Defendant alleges that he relied on the online application and representations from a GEICO insurance agent that he spoke to over the phone after completing the application. However, the Counterclaim does not actually allege that the online application misrepresented anything. Instead, it alleges that the online application failed to mention all the terms of the Policy, such as the requirement that an injured party actually be on the subject boat during a

---

[1] What the Defendant describes as a "misrepresentation by omission" in the application does not create a conflict between the application and the language in the Policy. The Policy language obviously includes a great many things that are not included in the application. That does not mean the Policy is inconsistent with the application.

- 3 -

collision in order to merit a payout under the uninsured boater provision. And, under Florida law, "a party is not justified in relying on oral representations that conflict with the terms of a subsequent written contract." *Hill v. State Farm Ins. Co.*, 181 F. Supp. 3d 980, 986 (M.D. Fla. 2016). Accordingly, the Defendant has failed to state a claim for fraudulent inducement.

## IV. Conclusion

In consideration of the foregoing, it is hereby ordered that the Motion for Judgment on the Pleadings is **GRANTED**. The Court will enter a Declaratory Judgment holding that the subject Policy does not provide coverage for the injuries sustained by the Defendant. With respect to the Defendant's Counterclaim, Counts I and II are **DISMISSED** with prejudice. Count III is **DISMISSED** without prejudice. If the Defendant wishes to file an amended counterclaim, he may do so within twenty-one (21) days of this order. If the Defendant does not file an amended counterclaim, the Court will direct the clerk to enter judgment in favor of the Plaintiff and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 1, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party